UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:15-cr-00068-SEB-MJD |
| KYLE MORRIS, | ) -01 |
| Defendant. | ) ) ) |

**REPORT AND RECOMMENDATION**

The Parties appeared on June 5, 2023, before United States Magistrate Judge Kellie M. Barr for a hearing on the Petition for Warrant or Summons for Offender under Supervised Release filed on May 30, 2023. [Dkt. 56.] Defendant Kyle Morris appeared in person and by counsel Harold Samuel Ansell of the Federal Community Defenders. Government represented by Assistant United States Attorney Abhishek Kambli. United States Probation Office represented by Brent Witter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant admitted violation numbers 2, 3, 4, and 5. [Dkt. 57.] Government orally moved to withdraw the remaining violation, number 1, which motion was granted by the Court.

3.  The allegation(s) to which Defendant admitted, as fully set forth in the petition, is/are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 2 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter."** |
| | On May 10, 2023, Mr. Morris submitted a urine sample upon his arrival at Volunteers of America Residential Reentry Center and tested positive for methamphetamine. Mr. Morris admits to using methamphetamine prior to his designated report date to Volunteers of America. |
| 3 | **"The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer."** |
| | As previously reported to the Court, Mr. Morris failed to appear for scheduled sex offender treatment sessions on February 22, 2023, March 15, 2023, and April 19, 2023. |
| 4 | **"The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer."** |
| | Mr. Morris failed to appear for scheduled polygraph examinations on March 1, 2023, and May 9, 2023. |
| 5 | **"If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."** |
| | Since the commencement of supervised release, Mr. Morris has failed to make regular payments toward his Court ordered financial obligations. The last payment was on October 19, 2022. To date, Mr. Morris owes an outstanding balance of $255.00 on the special assessment fee, and $2,500.00 on the fine. |

    4.    The Parties stipulated that:

        (a)    The highest grade of violation is a Grade B violation.

        (b)    Defendant's criminal history category is I.

        (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

    5.    The Parties jointly recommended a sentence of 7 months imprisonment with 15 years of supervised release to follow. The Defendant requested placement at FCI Elkton. The Parties jointly recommended that the Court impose the following two additional conditions of supervised release: (1) that the Defendant submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The Defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. (2) The Defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

    The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 7 months, with 15 years of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

3. You shall permit the probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit the confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without permission of the Court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm you compliance with this requirement.

12. You shall make a good faith effort to follow the instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

13. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: Sex offender specific assessment, treatment and physiological treatment; computer monitoring; and, polygraph examinations. The probation officer shall determine your ability to pay and any schedule of payment.

14. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

15. All employment shall be approved in advance by the probation officer.

16. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

17. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the Court.

18. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

19. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

20. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

21. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

22. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

23. You shall have no contact with victims from the instant offense, including Brad Weaver and his children.

24. You shall submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The Defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

25. You shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

Defendant reviewed the foregoing conditions with his attorney and waived reading of the foregoing conditions of supervised release.

Defendant remains in custody pending the District Judge's action on this Report and Recommendation. The Magistrate Judge makes a recommendation of placement at FCI Elkton.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

**IT IS SO RECOMMENDED.**

Date: 6/5/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office

United States Marshal